IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**ROLAND SCOTT, JR.**

      **Petitioner,**

v.                                              Case No.: 5:23-cv-00061

**WARDEN KATINA HECKARD,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Roland Scott, Jr.'s *pro se* Petition for a Writ of Habeas Corpus pursuant to 18 U.S.C. § 2241, (ECF No. 2), and a motion to dismiss contained in the Warden's Response. (ECF No. 12). This case is assigned to the Honorable Frank W. Volk, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that the Warden's motion to dismiss, (ECF No. 12), be **GRANTED**; that Scott's petition, (ECF No. 2), be **DENIED,** as moot; and this matter be **DISMISSED** and **REMOVED** from the docket of the court.

**I.**    **Relevant History**

Petitioner, Roland Scott, Jr., is a federal prisoner currently housed under the authority of the Chicago Residential Reentry Management ("RRM") Center, with a projected release date of May 8, 2024. *See* Federal Bureau of Prisons ("BOP"), Inmate

Locator, www.bop.gov/inmateloc/. In 2018, Scott was convicted of violating 18 U.S.C. §§ 922(g), 924(a) in the Western District of Wisconsin and sentenced to 96 months' imprisonment. *United States v. Scott*, 3:18-cr-00112, (W.D. Wis., January 16, 2019), at ECF No. 42. Scott filed the instant petition on January 23, 2023, while incarcerated in Federal Correctional Institution ("FCI") Beckley. (ECF No. 2 at 17). In his petition, Scott requests that this Court order the BOP to apply his time credits earned under the First Step Act ("FSA"). (ECF No. 2 at 16). Alongside his petition, Scott submitted documentation of his BOP administrative remedies. (ECF No. 2 at 3–5, 7–10, 13–14). Scott also submitted an "affidavit in support of the Prison Litigation Reform Act," with copies of letters Scott sent to the BOP's General Counsel, the Cook County State's Attorney's Office, and the Circuit Court of Cook County. (ECF No. 4). Based on these supporting documents, it appeared that the BOP had not yet applied Scott's FSA time credits because the BOP detected a pending charge against Scott in Cook County, which Scott disputed. (ECF No. 2 at 10, 13–14).

On January 30, 2023, the undersigned entered an Order directing Respondent to show cause why the relief requested by Scott should not be granted. (ECF No. 8). Respondent filed a Response to the Show Cause Order on March 17, 2023. (ECF No. 12). Respondent argued that Scott's petition should be dismissed as moot, because the earned FSA time credits had been applied to Scott's sentence. (ECF No. 12 at 2). Respondent also asserted that, to the extent Scott's petition was requesting transfer to prerelease custody, Scott had no constitutionally protected liberty interest in transfer to an RRM or home confinement, and, therefore, he was not entitled to federal habeas relief. (ECF No. 12 at 3). Respondent attached to her Response: a declaration by a BOP paralegal, stating that the BOP had applied 365 days of time credit towards Scott's sentence, and a copy of Scott's

2

sentence monitoring computation data, showing the application of his FSA time credit. (ECF No. 12-1).

Scott filed a Reply on April 20, 2023. (ECF No. 14 at 4). Scott argued that his petition is not moot for four reasons: (1) other prisoners still have not had their FSA time credits applied, (2) the voluntary cessation doctrine applies to the BOP's conduct, (3) he has the right to receive money damages for his injuries, (4) if Scott is transferred, he would remain in BOP custody. (ECF No. 14 at 3). Scott attached to his Reply copies of his FSA Time Credit Assessment and his Individualized Needs Plan. (ECF No. 14 at 6–10). At the time Scott filed his Reply, he was still incarcerated in FCI Beckley. (ECF No. 14 at 4). He was subsequently released to the Chicago RRM Center.

## II. Standard of Review

Respondent requests that this Court dismiss Petitioner's § 2241 petition but does not identify the Rule of Civil Procedure that governs the motion. (ECF No. 12). Because Respondent filed a Response concurrently with the motion to dismiss, the motion technically is one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion to dismiss under Rule 12(c) applies the same standard of review as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12 (b)(6), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md., May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not

obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a Rule 12(c) motion in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, without converting the motion into one for summary judgment. *Id*. The Court may also consider documents "attached to the motion to dismiss, so long as they are integral to the [petition] and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. Discussion

Scott's petition requests this Court to order the BOP to apply his FSA time credits.[1] (ECF No. 2). Scott has since been awarded his earned FSA time credits, (ECF No. 12-1 at 2, 5), rendering his petition moot. Article III of the Constitution imposes limitations on the power of the judiciary, including the limitation that federal courts may only decide ongoing cases or controversies. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). When a case or controversy ceases to exist—either due to a change in the facts or the law—the court's subject matter jurisdiction also ceases to exist, and the litigation is moot.

---

[1] Scott also seemingly argues in his Reply that the BOP miscalculated his time credits. (ECF No. 14 at 1–2). However, this claim was not raised in his initial petition, which only alleged that the BOP had not yet applied his earned FSA time credits. (*See* ECF No. 2). It also appears that Scott did not exhaust his administrative remedies with respect to any claims regarding the miscalculation of his time credits. (*See* ECF No. 2 at 4, 7, 9). Because Scott did not raise this claim in his petition and did not exhaust his BOP administrative remedies, the undersigned will not consider it. *See United States v. Smalls*, 720 F.3d 193, 197 (4th Cir. 2013) (stating that new arguments may not be raised in a reply brief); *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (explaining that a federal habeas petitioner must first exhaust administrative remedies).

*Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, when a petitioner receives the relief he sought to obtain through his petition, the court no longer has effective relief to offer, and the petition is moot. *See Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)). Because Scott's FSA time credits have been applied, there is no longer an ongoing case or controversy for the Court to decide, and his petition must be dismissed as moot.[2]

In his Reply, Scott raises several arguments that his claim is not moot, even though he has received the relief requested by his petition. First, he argues that his claim is not moot because other prisoners are in the same position Scott was in—their FSA time credits have not properly been applied. (ECF No. 14 at 3). Scott may be correct that other federal prisoners have cause to bring a habeas action for application of their time credits. But this has no bearing on the controversy in Scott's own petition. Scott did not request relief for other prisoners in his petition, nor could he—a prisoner cannot sue on behalf of another prisoner. *Inmates v. Sheriff Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (holding one inmate does not have standing to sue on behalf of another inmate). Scott's petition only concerns the application of his own earned FSA time credits, and because those credits have been applied, his petition is moot.

Scott also argues that his claim is not moot under the voluntary cessation doctrine. (ECF No. 14 at 3). The voluntary cessation doctrine holds that a court retains jurisdiction over an action that would otherwise be moot if the defendant has attempted to evade the

---

[2] The undersigned does not address the issue raised by Respondent concerning release to an RRM or home confinement, because Scott did not include that issue in his petition. However, had Scott asked for such relief, his request would also be moot, because he has now been transferred to an RRM.

court's jurisdiction by voluntarily ceasing its challenged conduct. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The doctrine prevents defendants from cleverly avoiding an adverse judgment by temporarily ceasing challenged conduct just long enough to moot the case. It does not apply in every instance where defendants provide plaintiffs with the requested relief; rather, it only applies where there is a reasonable chance that the defendant will resume its challenged conduct. *Eden, LLC v. Just.*, 36 F.4th 166, 171 (4th Cir. 2022). Here, Scott simply received the relief he requested—the application of his FSA time credits. There is no indication that the BOP applied Scott's time credits in order to evade the Court's jurisdiction, nor is there a reasonable expectation that Scott will be deprived of his time credits in the future. Thus, the voluntary cessation doctrine does not save his petition from dismissal for mootness.

Third, Scott argues his petition is not moot because he has the right to sue for monetary damages. (ECF No. 14 at 3). Scott is correct that, in litigation concerning prison conditions, claims for money damages may survive even when claims for injunctive relief are rendered moot by a change in circumstance. *See Moneyhan v. Keller,* 563 F. App'x 256, 258 (4th Cir. 2014). But Scott did not and could not request monetary damages in his federal habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy,"); *Barela v. Martin*, 830 F. App'x 252, 255 (10th Cir. 2020) ("The remedy of habeas corpus ordinarily serves to require release from illegal confinement, attack future confinement, or shorten the existing confinement. [... Compensatory and punitive damages] are remedies available in a civil rights suit but not in a habeas action."); *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) ("[The] sole function [of habeas corpus] is to grant relief from unlawful imprisonment or custody and it cannot be used properly for

6

any other purpose.'"). Scott's petition only requested the application of his FSA time credits, which he has subsequently received.

Fourth and finally, Scott argues his petition would not be moot even if he were transferred, because he would remain in BOP custody and would be subjected to the same conditions even if he were transferred. (ECF No. 14 at 3). This argument is irrelevant; Scott's petition is moot not because he was transferred to another facility but because he received the relief he requested—the application of his FSA time credits. There is no other alleged injury to be redressed. Scott has not alleged that there is a reasonable probability that he will be wrongly deprived of time credits in the future, nor has he alleged that he has suffered any injury capable of repetition yet evading review. Scott has received all the FSA time credits to which he is entitled. There is no continuing harm over which this Court could exercise jurisdiction. Accordingly, the undersigned **FINDS** Scott's petition must be dismissed as moot.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 12), be **GRANTED**, Scott's petition for writ of habeas corpus, (ECF No. 2), be **DENIED**, as moot; and this civil action be **DISMISSED** and **REMOVED** from the docket of this Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date

of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985). Copies of such objections shall be provided to the opposing parties, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**:  March 1, 2024

Cheryl A. Eifert
United States Magistrate Judge